UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------

PLENITUDE CAPITAL LLC,

                  Plaintiff,                  **MEMORANDUM & ORDER**
                                                                                     18-CV-02702 (MKB) (RER)

                  v.

UTICA VENTURES, LLC, MICHAEL ISRAEL,
SHOLOMO EHRENREICH, NEW YORK CITY
DEPARTMENT OF HOUSING PRESERVATION
AND DEVELOPMENT, BY CONSTRUCTION
CORP., NEW YORK CITY ENVIRONMENTAL
CONTROL BOARD, and JOHN DOES NOS. 1
THROUGH 10,

                  Defendants.

-------------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

        Plaintiff Plenitude Capital LLC commenced the above-captioned foreclosure action against Utica Ventures, LLC ("Utica"), Michael Israel, Sholomo Ehrenreich, the New York City Department of Housing Preservation and Development ("HPD"), By Construction Corp. ("Construction Corp."), the New York City Environmental Control Board ("ECB"), and John Does numbers one through ten (the "John Doe Defendants"). (Compl, Docket Entry No. 1.) Plaintiff seeks to foreclose on a mortgage encumbering property known as 404-406-408 Utica Avenue, Brooklyn, New York (the "Property"). (*Id*.) On May 11, 2018, Plaintiff filed an Amended Complaint, (Am. Compl., Docket Entry No. 10), and on August 20, 2018, Plaintiff filed a Second Amended Complaint, (Second Am. Compl. ("SAC"), Docket Entry No. 13). On December 19, 2018, Plaintiff filed a summary judgment motion seeking a judgment of foreclosure and sale as to all Defendants and a deficiency order judgment as to Defendants Utica and Israel. (Pl. Mot. for Summ. J. ("Pl. Mot."), Docket Entry No. 22.) Plaintiff also requested

an award of attorneys' fees and costs. (*Id.*) The Court referred the motion to Magistrate Judge Ramon E. Reyes, Jr. on April 9, 2019 for a report and recommendation. (Order dated Apr. 9, 2019.)

Currently before the Court is a report and recommendation from Judge Reyes, recommending that the Court grant Plaintiff's motion for summary judgment only as to Defendant Ehrenreich, deny default judgment[1] against Defendants Utica, Israel, HPD, Construction Corp., and ECB (the "non-answering Defendants") without prejudice to renewal upon entry of default, and dismiss Plaintiff's claims as to the John Doe Defendants (the "R&R"). (R&R, Docket Entry No. 27.) Judge Reyes also recommended that the Court require Plaintiff to show cause for its failure to provide notice to tenants of the Property. (*Id.*) For the reasons set forth below, the Court adopts the R&R in its entirety.

I. **Background**

The Court assumes familiarity with the underlying facts as detailed in the R&R and provides only a summary of the pertinent facts.

a. **Factual background**

i. **The Consolidated Note**

Plaintiff is a foreign limited liability company organized under Delaware law, with its

---

[1] With respect to Plaintiff's motions, Judge Reyes noted that summary judgment as to Ehrenreich and default judgment as to all other named Defendants "are knottily entwined due to the nature of the relief," Plaintiff seeks. (R&R 3.) Judge Reyes explained that although "Plaintiff suggests that an order of foreclosure and sale should follow from summary judgment . . . no such order may [be] issue[d] absent a judgment against [Defendant] Utica, the mortgagor and title-holder." (*Id.*) Because Plaintiff has not requested an entry of default against the non-answering Defendants which includes Utica, the mortgagor, Judge Reyes explained that a default judgment would be improper. (*Id.*) Nevertheless, Judge Reyes assessed the defaulting liability of Utica and Israel "in order to reach the threshold issue of foreclosure and sale and recommended that the Court deny a motion for default judgment of foreclosure and sale against the non-appearing Defendants. (*Id.*)

principal place of business in Florida. (Pl. Rule 56.1 Statement of Undisputed Material Facts ("Pl. 56.1") ¶ 1, annexed to Pl. Mot. as Ex. 12, Docket Entry No. 12.) Plaintiff alleges that it is the mortgage-owner and note-holder of the Property. (SAC ¶ 3.) On August 4, 2016, Utica executed and delivered to Plaintiff a Consolidated Secured Promissory Note (the "Consolidated Note") in the principal amount of $2,250,000.00. (Pl. 56.1 ¶ 4.) Pursuant to the Consolidated Note, Utica is obligated to pay Plaintiff the principal of the Consolidated Note, along with interest and other charges in accordance with the terms of the Consolidated Note. (*Id.*) As collateral security for payment of the Consolidated Note, Utica provided Plaintiff with a Mortgage Consolidation and Extension Agreement together with an Assignment of Leases and Rents and a Security Agreement (collectively, the "Consolidated Mortgage"). (*Id.* ¶¶ 5–6.) The Consolidated Mortgage consolidated two mortgages creating a single mortgage on the Property, making Utica the mortgagor and Plaintiff the mortgagee. (SAC 5.)

Israel is a guarantor of the Consolidated Mortgage. (*Id.*) The other named Defendants are alleged to hold subordinate interests in the Property. (*Id.* ¶¶ 6–9.) Plaintiff alleges that HPD and Ehrenreich have filed a *lis pendens* against the Property, (*id.* ¶¶ 6–7), ECB is a judgment creditor of Utica, and Construction Corp. filed three mechanic's liens against the Property, (*id.* ¶ 8).

The Consolidated Mortgage matured on February 3, 2018. (Pl. 56.1 ¶ 10.) On February 12, 2018, Plaintiff issued a letter demanding that Utica pay the principal balance due along with interest at the default rate, and other charges including late charges, liquidated damages, and expenses Plaintiff incurred as a result of the default. (SAC ¶ 20.) The letter also stated that if Utica failed to pay the balance, Plaintiff may commence a foreclosure action against it. (*Id.*) Utica failed to pay the Consolidated Note and Consolidated Mortgage. (*Id.* ¶ 24.)

### b. Procedural history

On August 20, 2018, Plaintiff filed the SAC, and on September 6, 2018, Ehrenreich filed an answer. (Ehrenreich Answer, Docket Entry No. 17.) No other Defendant has made an appearance in this action.

On December 19, 2018, Plaintiff moved for a judgment of foreclosure and sale, and a deficiency order judgment as to Utica and Israel. (Pl. Mot.) Ehrenreich does not oppose Plaintiff's motion.

## II. Report and recommendation

By R&R dated June 11, 2019, Judge Reyes recommended that the Court deny the motion for default judgment of foreclosure and sale against the non-answering Defendants, grant Plaintiff's motion for summary judgment against Ehrenreich, dismiss Plaintiff's claims against the John Doe Defendants, and dismiss Plaintiff's request for attorneys' fees. (R&R 1.)

### a. Foreclosure and sale

Plaintiff has not requested a motion for default nor has the Clerk of Court entered an entry of default as to any of the non-answering Defendants. Nevertheless, Judge Reyes determined whether Plaintiff was entitled to a default judgment against Utica and Israel "solely to show why a judgment of foreclosure and sale would be wholly inappropriate on the facts at hand."[2] (*Id.* at 3.) In addressing Plaintiff's request for a judgment of foreclosure and sale, Judge

---

[2] Although Judge Reyes noted that "district courts . . . possess power to enter default" and despite the fact that Plaintiff did not move for default, Judge Reyes stated that he was "loath to reward Plaintiff's flouting of the Local Rules." (R&R 4.) Further, Judge Reyes noted that the Second Circuit had admonished such action because defaults are disfavored and reserved for rare occasion, and when doubt exists as to whether or not default should be vacated or granted, the doubt should be resolved in favor of the defaulting party. (*Id.*)

Reyes found that "Plaintiff had not proven its entitlement to a judgment of foreclosure and sale of [the] Property, because it has not established that notice to tenants was either unnecessary or properly effectuated."[3] (*Id*.) Judge Reyes found that Plaintiff failed to establish a *prima facie* case for foreclosure and sale because "although [Plaintiff] has adequately substantiated its allegations that a mortgage exists and that Utica and Israel defaulted on the mortgage, Plaintiff has not shown requisite notice was provided," to Defendants. (*Id*. at 4–5.) With respect to the notice requirement, Judge Reyes explained that a "foreclosing mortgagee that does not clearly establish compliance with [New York Real Property Actions and Proceedings Law] ("RPAPL") notice requirements, including those set forth under Section 1303 of the RPAPL fails to meet its prima facie burden of establishing its entitlement to judgment as a matter of law." (*Id*. at 5 (quoting *United States v. Starr*, No. 16-CV-1431, 2017 WL 4402573, at *4 (S.D.N.Y. Sept. 29, 2017) (internal quotation marks omitted)).) Judge Reyes found that the "only notice issued [by Plaintiff] took the form of a demand letter, which Plaintiff sent to Utica by Federal Express on February 12, 2018," however, absent Plaintiff's assurance that there are no tenant residents in the Property, Judge Reyes could not determine that Plaintiff's notice was adequate under New York law. (*Id*. at 6.) Accordingly, Judge Reyes found it would be inappropriate to issue an order of foreclosure and sale where notice was deficient, and also found that Plaintiff failed to make out

---

[3] With respect to the remaining non-answering Defendants, Judge Reyes found it "unnecessary at this stage to analyze the motion for default," as to these Defendants "who are alleged to be nominally liable." (*Id*. at 5.) However, Judge Reyes noted that with respect to HPD and ECB, both government agencies, "Plaintiff may not obtain default judgment against them without adducing 'facts showing the particular nature of the interest or lien on the real property' and, if the lien resulted from a judgment, 'the name of the court, date recorded, clerk's office in which filed, and names of the parties against whom and in whose favor record.'" (*Id*. at 6 (quoting *Courchevel 1850 LLC v. Haley*, No. 17-CV-241, 2018 WL 1796275, at *4 (E.D.N.Y. Jan. 30, 2018)).) Because Plaintiff failed to provide these facts, Judge Reyes found that granting default judgment against HPD and ECB at this stage of the proceeding would be inappropriate. (*Id*. at 6–7.)

5

its *prima facie* case. (*Id*.) Judge Reyes recommended that the Court "deny . . . default judgment without prejudice to renewal." (*Id*. at 7.)

      b.    **Summary judgment as to Ehrenreich**

As a result of Judge Reyes' finding that Plaintiff failed to establish its *prima facie* case for foreclosure and sale against Utica and Israel, Judge Reyes concluded that summary judgment against Ehrenreich would result in nothing more than a declaration of Ehrenreich's nominal liability. (*Id*. at 4.) Judge Reyes noted that "Ehrenreich is a party to this action because he has filed an action against Israel and a related lis pendens, or notice of pendency, against the Property." (*Id*. at 8.) Judge Reyes also noted that Plaintiff has alleged facts to establish Ehrenreich's nominal liability, including that Ehrenreich "has no ownership interest in the Property, and that any judgment he may obtain against the debtor will be subordinate to Plaintiff's interest." (*Id*.) Judge Reyes explained that a judgment against a nominal defendant has the effect of extinguishing their interest in a property. (*Id*.) By joining a nominal defendant in an action, a prevailing mortgagee can "foreclose on [a] property without encumbrances or other clouds on title." (*Id*.) In addition, Judge Reyes found Ehrenreich's answer to the Complaint to be "vague, conclusory, and devoid of facts," and noted that it included a "boilerplate of affirmative defenses, many of which are legally untenable or facially inconsistent with evidence in the record." (*Id*. at 8–9.) As such, Judge Reyes found that "[n]othing in Ehrenreich's Answer advance[d] evidence sufficient to put a material factual issue in dispute," and recommended that the Court grant Plaintiff's motion for summary judgment as to Ehrenreich. (*Id*.) In addition, Judge Reyes recommended that the Court strike Ehrenreich's affirmative defenses. (*Id*.)

### c. John Doe Defendants

With respect to the John Doe Defendants, Judge Reyes found that dismissal was proper because Plaintiff "having determined that the John Doe Defendants are not necessary parties to this action, request[ed] that the action against them be dismissed without prejudice and that the caption be amended accordingly." (*Id*. at 9.) "Because Plaintiff does not wish to substitute the [John] Doe Defendants with named defendants," Judge Reyes noted that amending the caption is not necessary and recommended that the Court dismiss the action against John Doe Defendants without prejudice. (*Id*.)

### d. Plaintiff's application for attorneys' fees and costs

In addressing Plaintiff's application for attorneys' fees and costs, Judge Reyes declined to "recommend an award of attorneys' fees," as "it would serve judicial economy to evaluate [Plaintiff's] request [for attorneys' fees] upon Plaintiff's renewed dispositive motion." (*Id*.)

### e. Plaintiff's declaration subsequent to the R&R

No party has objected to the R&R. However, on June 21, 2019, Plaintiff's counsel filed a declaration in response to the R&R ("Declaration"). (Decl. of Jerry A. Montag Showing Cause ("Pl. Decl."), Docket Entry No. 29.) In the Declaration, counsel requests that the Court "excuse Plaintiff's procedural failure of the service of notice [to the tenants of the Property] . . . and permit Plaintiff to serve such notice upon the tenants of the Property, now, by mail, as required by RPAPL § 1301, *nunc pro tunc*." (*Id*. ¶ 3.) Counsel explains that the current action involves a default of a commercial property and in commencing the action, Plaintiff was "not aware of any residential tenants in occupancy at the Property, and as such, the . . . action was treated as a commercial mortgage foreclosure action seeking to foreclose [Defendant] Utica's non-possessory interest in the Property." (*Id*. ¶ 5.) As a result, Plaintiff did not serve any residential

7

tenants at the Property although Plaintiff's proposed Order and Judgment of Foreclosure and Sale provide that the Property be sold "subject to any rights of tenants or person in possession of the subject premises." (*Id*. ¶¶ 7–8.) However, upon review of the R&R, counsel investigated and "learned that there are two residential apartments," at the Property, "therefore, RPAPL § 1303 notice should have been served." (*Id*. ¶ 10.) Based on these facts, Plaintiff requests that the Court excuse its oversight and permit it to serve notice upon the tenants of the Property, *nunc pro tunc*. (*Id*. ¶ 16.) In addition, Plaintiff "respectfully requests that the [R&R] be confirmed, and that summary judgment be entered against Ehrenreich." (*Id*. ¶ 17.) In the alternative, Plaintiff requests that the Court "(i) grant Plaintiff leave to re-serve the Second Amended Complaint upon Utica and Israel, and at the time of such serv[ice], Plaintiff will serve the RPAPL § 1303 notice on the tenants of the Property or (ii) after entering summary judgment against Ehrenreich, dismiss this action without prejudice to Plaintiff's commencement of a state court action." (*Id*.)

### III. Discussion

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party submits a timely objection to a report and recommendation, the district court reviews *de novo* the parts of the report and recommendation to which the party objected. *Id*.; *see also United States v. Romano*, 794 F.3d 317, 340 (2d Cir. 2015). The district court may adopt those portions of the recommended ruling to which no timely objections have been made, provided no clear error is apparent from the face of the record. *John Hancock Life Ins. Co. v. Neuman*, No. 15-CV-1358, 2015 WL 7459920, at *1 (E.D.N.Y. Nov. 24, 2015). The clear error standard also applies when a party makes only

8

conclusory or general objections. *Benitez v. Parmer*, 654 F. App'x 502, 503–04 (2d Cir. 2016) (holding that "general objection[s] [are] insufficient to obtain *de novo* review by [a] district court" (citations omitted)); *see* Fed. R. Civ. P. 72(b)(2) ("[A] party may serve and file specific written objections to the [magistrate judge's] proposed findings and recommendations." (emphasis added)); *see also Colvin v. Berryhill*, 734 F. App'x 756, 758, (2d Cir. 2018) ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under . . . Fed. R. Civ. P. 72(b)." (quoting *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002))).

The Court has reviewed the unopposed R&R and, finding no clear error, adopts the R&R in its entirety pursuant to 28 U.S.C. § 636(b)(1). Accordingly, the Court (1) grants Plaintiff's motion for summary judgment as to Ehrenreich, (2) denies Plaintiff's motion for summary judgment as to the remaining Defendants, (3) denies Plaintiff's motion for a deficiency order judgment as to Utica and Israel without prejudice to renew, (4) denies Plaintiff's motion for attorneys' fees without prejudice to renew, and (5) dismisses Plaintiff's claims as to the John Doe Defendants. In accordance with the R&R and Plaintiff's Declaration, after Plaintiff has complied with the notice requirements set forth in RPAPL section 1303, Plaintiff is directed to request entry of default, or in the alternative, file a stipulation of voluntary dismissal as to its remaining claims or notify the Court that it seeks dismissal of its claims.

Dated: August 5, 2019
      Brooklyn, New York

                                  SO ORDERED:

                                  _____s/ MKB_____
                                  MARGO K. BRODIE
                                  United States District Judge