UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

―――――――――――――――

№ 18-CV-2702 (MKB) (RER)

―――――――――――――――

PLENITUDE CAPITAL LLC,

Plaintiff,

VERSUS

UTICA VENTURES, LLC, MICHAEL ISRAEL, SHOLOMO EHRENREICH, NEW YORK CITY DEPARTMENT OF HOUSING PRESERVATION AND DEVELOPMENT, BY CONSTRUCTION CORP., AND NEW YORK CITY ENVIRONMENTAL CONTROL BOARD,

Defendants.

―――――――――――――――

**Report & Recommendation**

―――――――――――――――

**September 10, 2020**

**To the Honorable Margo K. Brodie,
United States District Judge**

**RAMON E. REYES, JR., U.S.M.J.:**

Plenitude Capital LLC ("Plaintiff" or "Plenitude") brought this action against Utica Ventures, LLC ("Utica"), Michael Israel ("Israel"), Sholomo Ehrenreich ("Ehrenreich"), the New York City Department of Housing Preservation and Development ("HPD"), By Construction Corp., the New York City Environmental Control Board ("ECB"), and John Does numbers one through ten (collectively, "Defendants"). (Dkt. No. 13 ("Second Amended Complaint" or "S.A.C.") at 1). Plaintiff seeks to foreclose on a mortgage encumbering the property commonly

known as 404-406-408 Utica Avenue, Brooklyn, NY (the "Property"), asserting that Utica executed the mortgage in Plaintiff's favor and that the mortgage matured on February 3, 2018. (*Id.* ¶ 1). Plaintiff now requests default judgment against Israel, HPB and ECB, an order of foreclosure and sale, and an award of damages, costs and fees. (*See* Dkt. No. 36). For the reasons set forth herein, I respectfully recommend that Plaintiff's motion be granted in part and denied in part.

## BACKGROUND

Familiarity with the facts and prior proceedings is presumed.

On June 11, 2019, I issued a report in which I recommended that Plaintiff's motion for summary judgment against Ehrenreich be granted but that its informal motion for default judgment and foreclosure and sale against the non-appearing Defendants, including Utica, be denied. (Dkt. No. 27).[1] Plaintiff did not file objections to the report and recommendation. But Plaintiff filed a declaration requesting that the Court excuse Plaintiff's procedural failure of the service of notice identified in my report and permit Plaintiff to serve notice upon the tenants of the Property as required by New York Real Property Actions and Proceedings Law ("RPAPL") § 1303, *nunc pro tunc*. (Dkt. No. 29). On August 5, 2019, Your Honor adopted the report and recommendation in its entirety and, *inter alia*, directed Plaintiff to request entry of default against the non-appearing Defendants after complying with the RPAPL § 1303 notice requirements. (Dkt. No. 30). On August 9, 2019, counsel for Utica filed a Notice of Appearance. (Dkt. No. 31). On August 29, 2019, Plaintiff requested default be entered against Israel, HPD, and ECB, which was done on September 6, 2019. (Dkt. Nos. 32, 33). On October 29, 2019, Plaintiff moved for default judgment against Israel, HPD, and ECB, and a judgment of foreclosure and sale. (Dkt. No. 36). Your Honor

---

[1] Although the relief requested – foreclosure sale and judgment – was requested in Plaintiff's notice of motion, (Dkt. No. 22), the default judgment basis for that relief was buried in a declaration of its counsel in support of the motion for summary judgment, (Dkt. No. 22-1, ¶ 24).

then referred the motion for default judgment to me for a report and recommendation. (Order dated 10/30/2019).

## DISCUSSION

I. Default Judgment

Rule 55 of the Federal Rules of Civil Procedure establishes a two-step process for obtaining a default judgment. *Trs. of the Leather Goods, Handbags, & Novelty Workers' Union Local 1 Joint Ret. Fund v. Cent. Fur Storage Co.*, No. 18-CV-7224 (AMD) (RER), 2019 WL 3937132, at *4 (E.D.N.Y. Aug. 2, 2019*), R & R adopted by* 2019 WL 3936676 (Aug. 20, 2019). First, the plaintiff must request an entry of default from the clerk of the court. Fed. R. Civ. P. 55(a). If the clerk enters default against the non-responsive parties, the plaintiff must then make a motion to the court for a default judgment. Fed. R. Civ. P. 55(b)(2). A defaulting party is deemed to have admitted all well-pleaded factual allegations in the complaint. *Greyhound Exhibitgroup v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992). The court must then decide whether the well-pleaded facts establish the defaulting party's liability as a matter of law. *Gesualdi v. Ava Shypula Testing & Inspection, Inc.*, No. 13-CV-1873 (DRH) (GRB), 2014 WL 1399417, at *4 (E.D.N.Y. Apr. 10, 2014). Even if a defendant is in default, a plaintiff is not automatically entitled to a default judgment. *See Mktg. Devs., Ltd. v. Genesis Imp. & Exp., Inc.*, No. 08-CV-3168 (CBA) (CLP), 2009 WL 4929419, at *2 (E.D.N.Y. Dec. 21, 2009). The ultimate "decision to grant a motion for default judgment is left to the sound discretion of the court." *Div. 1181 Amalgamated Transit Union--New York Emps. Pension Fund v. D & A Bus Co.*, 270 F. Supp. 3d 593, 606 (E.D.N.Y. 2017).

A. <u>Default Judgment Against Israel</u>

Defendant Israel is the guarantor of the note and mortgage between Plaintiff and Utica. (Dkt. No. 13-4 at 1). The extent of the damages that may be assessed against him is governed by the terms of the guaranty. *Chase Manhattan Bank, N.A. v. Am. Nat. Bank & Tr. Co. of Chi.*, 93 F.3d 1064, 1073–1074 (2d Cir. 1996) ("Under New York law, guarantee agreements must be strictly construed according to their terms"). "If a guaranty is unconditional and does not limit in any way the obligations of the guarantor, the guarantor's liability will be equal to that of the principal debtor." *Builders Bank v. Rockaway Equities, LLC*, No. 08-CV-3575 (MDG), 2011 WL 4458851, at *5 (E.D.N.Y. Sept. 23, 2011).

The guaranty signed by Israel is unconditional: "The Guarantor hereby unconditionally and irrevocably guarantees to Lender the full and punctual payment and performance when due of all of Borrower's obligations under the Loan Documents, whether at maturity of earlier by reason of acceleration or otherwise and whether denominated as damages, principal, interest, fees or otherwise, together with all pre- and post-maturity interest thereon." (Dkt. No. 13-4 at 1–2). Thus, Israel is liable for the entirety of the amount of the note.

The total amount owed as of the date of this report and recommendation, September 10, 2020, is $3,663,375. The twelve percent per annum interest rate set forth in the note was applied to the principal of $2,250,000 from November 30, 2017 through January 31, 2018, and a five percent late fee for each payment was applied from December 10, 2017 through February 10, 2018. (*See* Dkt. No. 36-18 at 1, ¶ 4.4; Dkt. No. 36-17 at ¶7). This amounted to interest in the sum of $45,000 and late fees in the sum of $3,375. Upon default, the interest rate increased to twenty-four percent per annum and was applied from February 28, 2018 through September 10, 2020, amounting to default interest in the sum of $1,365,000. (*See* Dkt. No. 36-18 at ¶ 4.4; Dkt. No. 36-

17 at ¶ 7). A per diem rate of $1,500 should be applied from September 11, 2020 until payment. (*See id.*).

Given the well pleaded allegations in the Second Amended Complaint, which establish Israel's liability, I respectfully recommend that default judgment be entered against him for the total amounts owed, including late fees and interest to be recalculated before entering final judgment.

B.  <u>Default Judgment Against Nominal Defendants HPD and ECB</u>

Plaintiff also moves for default judgment against two nominal defendants, HPD and ECB. Entry of default against non-mortgagor defendants is appropriate where the complaint alleges nominal liability. *OneWest Bank, N.A. v. Raghunath*, No. 14-CV-3310 (RJD) (MDG), 2015 WL 5772272, at *3 (E.D.N.Y. Sept. 8, 2015), *R & R adopted by* 2015 WL 5774784 (E.D.N.Y. Sept. 29, 2015). Nominal liability exists when "any judgments or liens a defendant may have against the property are subordinate to the plaintiff's lien." *Id.* A default judgment against a defendant with a nominal interest terminates any interest in the subject property. *E. Sav. Bank, FSB v. Robinson*, No. 13-CV-7308 (ADS) (SIL), 2016 WL 3365091, at *4 (E.D.N.Y. May 9, 2016), *R &R adopted by* 2016 WL 3102021 (June 2, 2016).

However, "where a state or city agency is named as a defendant, heightened pleading requirements apply." *Windward Bora, LLC v. Thompson*, No. 18-CV-1811 (NGG) (RML), 2020 WL 1242828, at *5 (E.D.N.Y. Mar. 16, 2020). These heightened pleading requirements include "[d]etailed facts showing the particular nature of the interest in or lien on the real property and the reason for making [the state or city agency] a party-defendant." RPAPL §§ 202(1), 202-a(1). If the defendant is a city agency, as is the case here, the complaint must also include "a brief description of the grounds for or the nature of such judgment." *Id.* § 202-a(2).

5

To satisfy these heightened pleading requirements with respect to HPD, Plaintiff has submitted documentation showing a violation, although the documentation does not include the penalty amount. (Dkt. No. 36-7). For ECB, Plaintiff has submitted documentation showing two judgments for a total amount of $2,800. (Dkt. No. 36-6). This court has found this documentation sufficient. *See Windward Bora, LLC*, 2020 WL 1242828, at *6 (listing cases). Consequently, I respectfully recommend that Plaintiff's motion for default judgment against HPD and ECB be granted.

II. Default Judgment Against Utica and By Construction

Default judgment against Utica and By Construction is inappropriate at this juncture because Plaintiff has failed to request entry of default pursuant to Rule 55(a), despite the Court's prior warning, or to move for summary judgment against them, either of which is necessary for Plaintiff to receive the relief it seeks – judgment of foreclosure and sale.

As explained in the report and recommendation issued on June 11, 2019, prior to the previous motion for default judgment Plaintiff had not sought entry of default against any of the Defendants pursuant to Rule 55(a). (Dkt. No. 27). Although a district court has discretion to disregard a plaintiff's failure to comply with Rule 55(a)'s entry of default requirement, *Meehan v. Snow*, 652 F.2d 274, 276-77 (2d Cir. 1981), that discretion should be exercised sparingly in light of the federal courts' preference for resolving cases on the merits and the need to adhere to the Federal Rules of Civil Procedure, *Williams v. Citigroup Inc.*, 659 F.3d 208, 212–13 (2d Cir. 2011). Plaintiff's failure to comply with Rule 55(a) was noted in the report and it was recommended that Plaintiff "be directed to request entry of default against the non-answering Defendants, *including Utica* and Israel, by a date certain." (Dkt. No. 27 at 7 (emphasis added)). Indeed, in adopting the report and recommendation in its entirety Your Honor ordered that "[i]n accordance with the R&R . . . , after Plaintiff has complied with the notice requirements set forth in RPAPL section 1303,

6

*Plaintiff is directed to request entry of default*, or in the alternative, file a stipulation of voluntary dismissal as to its remaining claims or notify the Court that it seeks dismissal of its claims." (Dkt. No. 30 at 9 (emphasis added)).

On August 29, 2019, Plaintiff requested entry of default, but only as to Israel, HPD, and ECB, and not Utica or By Construction. (Dkt. No. 32). The clerk entered default against the Israel, HPD, and ECB on September 6, 2019. (Dkt. No. 33). Plaintiff filed the instant motion against Israel, HPD, and ECB only, and not Utica or By Construction. (Dkt. No. 36, ¶1). At no time has Plaintiff ever requested entry of default against Utica or By Construction, let alone filed a formal motion for default judgment against these Defendants. As iterated in the prior report and recommendation, default judgment and an order of foreclosure and sale cannot issue absent entry of default against Utica, the mortgagor and title-holder. (Dkt. No. 27 at 3); *cf. Da Costa v. Hamilton Republican Club of Fifteenth Assembly Dist.*, 65 N.Y.S.2d 500, 503 (Sup. Ct. 1946) ("The primary purpose of the judgment of foreclosure is to divest the *mortgagor* of ownership and to make the property, or its proceeds, available to the mortgagee in satisfaction of his claim.") (emphasis added). A motion for default judgment should not proceed before entry of default, which has not occurred against Utica or By Construction. Because Plaintiff has not moved properly for entry of default, let alone default judgment or summary judgment against Utica or By Construction Corp., its request for a judgment and an order of foreclosure and sale must be denied.

III.   Attorneys' Fees and Costs

I decline to recommend an award of attorneys' fees or costs at this time, finding that it would serve judicial economy to evaluate this request only upon Plaintiff's proper compliance with the Federal Rules of Civil Procedure and the Local Civil Rules of this Court.

**CONCLUSION**

For the foregoing reasons, I respectfully recommend that Plaintiff's motion for default judgment against Israel, HPD, and ECB be granted in part, but that its motion for default judgment against Utica and By Construction, to the extent one has been made, be denied. Plaintiff should be directed to seek entry of default against all non-appearing defendants, including Utica and By Construction, no later than fourteen (14) days after the date of any order adopting this report and recommendation, and within fourteen (14) days after entry of said default file a renewed motion for default judgment against Utica and By Construction, fully compliant with Local Civil Rule 55.2 along with a detailed affidavit from a competent witness or witnesses describing the total damages, past and future interest (per diem through judgment), fees and costs then due.

Plaintiff's counsel is hereby directed to serve copies of this Report and Recommendation upon **ALL Defendants** by regular and certified mail within three business days and to file proof of service with the Clerk of the Court within two business days thereafter. Any objections to the recommendations made in this Report must be filed with the Clerk of the Court and the Honorable Margo K. Brodie within fourteen (14) days of receipt hereof. Failure to file timely objections waives the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).

    RESPECTFULLY RECOMMENDED

# # #/s/ **Ramon E. Reyes, Jr.**
Ramon E. Reyes, Jr.
U.S. Magistrate Judge
Dated: September 10, 2020

8