UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

PLENITUDE CAPITAL LLC,

                              Plaintiff,

               v.

UTICA VENTURES, LLC, MICHAEL ISRAEL,
SHOLOMO EHRENREICH, NEW YORK CITY
DEPARTMENT OF HOUSING PRESERVATION
AND DEVELOPMENT, BY CONSTRUCTION
CORP., NEW YORK CITY ENVIRONMENTAL
CONTROL BOARD, and JOHN DOES NOS. 1
THROUGH 10,

                           Defendants.

**MEMORANDUM & ORDER**
18-CV-2702 (MKB) (RER)

---------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

Plaintiff Plenitude Capital LLC commenced the above-captioned foreclosure action

against Utica Ventures, LLC ("Utica"), Michael Israel, Sholomo Ehrenreich, the New York City

Department of Housing Preservation and Development (the "HPD"), By Construction Corp.

("Construction Corp."), the New York City Environmental Control Board (the "ECB"), and John

Does 1–10 (the "John Doe Defendants").  (Compl, Docket Entry No. 1.) Plaintiff seeks to

foreclose on a mortgage encumbering property located at 404-406-408 Utica Avenue, Brooklyn,

New York (the "Property").  (*Id.*)  On May 11, 2018, Plaintiff filed an Amended Complaint,

(Am. Compl., Docket Entry No. 10), and on August 20, 2018, Plaintiff filed a Second Amended

Complaint ("SAC"), (SAC, Docket Entry No. 13).

On October 29, 2019, Plaintiff filed a motion for default judgment seeking a judgment of

foreclosure and sale as to all Defendants.  (Pl.'s Mot. for Default J. ("Pl.'s Mot."), Docket Entry

No. 36; Pl.'s Mem. in Supp. of Pl.'s Mot ("Pl.'s Mem."), Docket Entry No. 37.)  By Order dated

October 30, 2019, the Court referred the motion to Magistrate Judge Ramon E. Reyes, Jr. for a report and recommendation.  (Order dated Oct. 30, 2019.)  By report and recommendation dated September 10, 2020, Judge Reyes recommended that the Court grant Plaintiff's motion for default judgment only as to Israel, HPD, and ECB, and deny default judgment against Utica and Construction Corp. (the "R&R").  (R&R, Docket Entry No. 41.)  Plaintiff objects in part, arguing that he did not move for default judgment against Utica and Construction Corp. and did not need to, and that a judgment of foreclosure and sale should be entered in its favor against all Defendants.  (Pl.'s Obj. to R&R ("Pl.'s Obj."), Docket Entry No. 43.)  For the reasons set forth below, the Court adopts the R&R.

I.   **Background**

The Court assumes familiarity with the underlying facts as detailed in the R&R and provides only a summary of the pertinent facts.

a.   **Procedural history**

Plaintiff alleges that it holds the mortgage and note for the Property, that Utica is the mortgagor, that Israel is a guarantor, and that the other named Defendants hold subordinate interests in the Property.  (SAC 2, 5.)  Plaintiff further alleges that Utica failed to pay the mortgage, and that under the terms of the note, Plaintiff was entitled to commence a foreclosure action against it.  (*Id.* at 7.)

On December 19, 2018, Plaintiff filed a summary judgment motion seeking a judgment of foreclosure and sale as to all Defendants and a deficiency judgment as to Utica and Israel.  (Pl.'s Mot. for Summ. J., Docket Entry No. 22.)  By report and recommendation dated June 11, 2019, Judge Reyes recommended that the Court grant Plaintiff's motion for summary judgment as to Ehrenreich, deny default judgment against Utica, Israel, HPD, Construction Corp., and

ECB without prejudice to renewal upon entry of default, dismiss Plaintiff's claims as to the John Doe Defendants, and require Plaintiff to show cause for its failure to provide notice to tenants of the Property (the "June 2019 R&R"). (June 2019 R&R, Docket Entry No. 27.) The Court adopted the June 2019 R&R and, in accordance with the June 2019 R&R, directed Plaintiff to request entry of default. (Mem. & Order dated Aug. 5, 2019, Docket Entry No. 30.)

On October 9, 2018, counsel for Construction Corp. filed a notice of appearance. (Notice of Appearance, Docket Entry No. 18.) On August 9, 2019, counsel for Utica filed a notice of appearance. (Notice of Appearance, Docket Entry No. 31.) Neither of these Defendants has filed an answer or dispositive motion or otherwise asserted an affirmative defense.

### b. Plaintiff's motion for default

Plaintiff sought and obtained a certificate of default against Israel, HPD, and ECB but did not seek a certificate of default as to Utica or Construction Corp. (Req. for Certificate of Default, Docket Entry No. 32; Clerk's Entry of Default, Docket Entry No. 33.)

On October 29, 2019, Plaintiff moved for a default judgment against Israel, HPD, and ECB and for entry of a judgment of foreclosure and sale against all parties. (Pl.'s Mot.) Plaintiff argued that it had presented a prima facie case against all Defendants, and therefore the Court should grant it a judgment of foreclosure and sale. (*Id.* at 1.) In support, Plaintiff argued that it had shown it was entitled to foreclose on the Property under New York law by presenting the mortgage, the note, and evidence of the default and because it had presented sufficient information about damages for a default judgment against Israel, HPD, and ECB to be entered without an inquest. (*Id.* at 2–4.) Plaintiff further argued that it was entitled to a judgment of foreclosure and sale. (*Id.* at 5–6.) Plaintiff also sought attorneys' fees and costs. (*Id.* at 6–9.)

### c.    Report and recommendation

Judge Reyes recommended that the Court grant the motion for default judgment against Israel, HPD, and ECB and deny Plaintiff's motion for default judgment against Utica and Construction Corp. "to the extent one ha[d] been made."  (R&R 8.)  Judge Reyes recommended that judgment be entered against Israel for the total amounts owed, with interest and fees to be recalculated at the entry of final judgment, because, as the guarantor of the note and mortgage, he had signed an unconditional guaranty, and the SAC contained allegations that established his liability.  (*Id.* at 4–5.)  Judge Reyes found that Plaintiff's documentation of the particular nature of the interests of HPD and ECB was sufficient to meet the heightened pleading requirements applied to state or city agencies.  (*Id.* at 5–6.)  As to Utica and Construction Corp., Judge Reyes found that default judgment was inappropriate because Plaintiff had not requested entry of default despite the Court's earlier order.  (*Id.* at 6–7.)

Judge Reyes declined to evaluate Plaintiff's motion for attorneys' fees and costs in the interest of judicial economy.  (*Id.* at 7.)  He further recommended that the Court direct Plaintiff to seek entry of default against Utica and Construction Corp.  (*Id.* at 8.)

### d.    Plaintiff's objections to the R&R

Plaintiff "requests that this Court deviate from the [R&R] to the extent that it denied Plaintiff's motion for a judgment of foreclosure and sale as against all [D]efendants with respect to the [P]roperty."  (Pl.'s Obj. 4.)  Plaintiff objects to the portion of the R&R that denies a default judgment against Utica and Construction Corp because it did not seek a default judgment against those parties.  (*Id.* at 6.)  Plaintiff also objects to the denial of a judgment of foreclosure and sale as to all Defendants.  (*Id.*)  In support, Plaintiff argues that it has made a prima facie case for issuance of the judgment as to all Defendants and that section 1321 of New York's Real Property

Actions and Proceedings Law ("RPAPL") permits a judgment against defendants who, like Utica and Construction Corp., appear but do not challenge the merits in the time allotted.  (*Id.* at 6–9.) Plaintiff does not object to the recommendation that the Court enter a default judgment against Israel, HPD, and ECB.  (*Id.* at 5–6.)

**II.   Discussion**

    **a.   Standard of review**

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).  When a party submits a timely objection to a report and recommendation, the district court reviews *de novo* the parts of the report and recommendation to which the party objected.  *Id.*; *see also United States v. Romano*, 794 F.3d 317, 340 (2d Cir. 2015).  The district court may adopt those portions of the recommended ruling to which no timely objections have been made, provided no clear error is apparent from the face of the record.  *See John Hancock Life Ins. Co. v. Neuman*, No. 15-CV-1358, 2015 WL 7459920, at *1 (E.D.N.Y. Nov. 24, 2015).  The clear error standard also applies when a party makes only conclusory or general objections.  *See Benitez v. Parmer*, 654 F. App'x 502, 503–04 (2d Cir. 2016) (holding that "general objection[s] [are] insufficient to obtain *de novo* review by [a] district court"); *see* Fed. R. Civ. P. 72(b)(2) ("[A] party may serve and file specific written objections to the [magistrate judge's] proposed findings and recommendations."); *see also Colvin v. Berryhill*, 734 F. App'x 756, 758 (2d Cir. 2018) ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under . . . Fed. R. Civ. P. 72(b)." (quoting *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002))).

### b.   Unopposed portion of the R&R

Plaintiff does not object to the portion of the R&R that recommends a default judgment against Israel, HPD, and ECB.  Having reviewed the relevant portions of the R&R, and finding no clear error, the Court adopts the recommendation pursuant to 28 U.S.C. § 636(b)(1). Accordingly, the Court enters a default judgment against Israel, HPD, and ECB.

### c.   Plaintiff is required to seek a default judgment against Utica and Construction Corp.

Plaintiff essentially argues that it is entitled to a judgment of foreclosure and sale against Utica and Construction Corp. without having to first establish that those parties have defaulted in this action.  The Court disagrees.

Rule 55 of the Federal Rules of Civil Procedure sets forth "the basic procedure to be followed when there is a default in the course of litigation."  *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011) (quoting *Vt. Teddy Bear Co. v. 1–800 Beargram Co.*, 373 F.3d 241, 246 (2d Cir. 2004)).  Pursuant to Rule 55, there is a 'two-step process' for the entry of judgment against a party who fails to defend: first, the entry of a default, and second, the entry of a default judgment."  *Id.* (citing *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005)).  Entry of default "formalizes a judicial recognition that a defendant has, through its failure to defend the action, admitted liability to the plaintiff."  *Id.*  Under New York law, as under federal law, "[i]n the context of a mortgage foreclosure action, a default judgment is the procedural equivalent of a finding of liability."  *HSBC Bank, USA v. SSSR, Inc.*, 971 N.Y.S.2d 827, 829 (Sup. Ct. 2013) (citing Bergman on New York Mortgage Foreclosures § 2.01(1)); *Butterly v. Maribert Realty Corp.*, 255 N.Y.S. 321, 324 (App. Div.) ("[Defendant's] default resulted in a judgment which established the right of [plaintiffs] to foreclose the mortgage, and established his liability for the deficiency."), *aff'd*, 260 N.Y. 554 (1932).

In substance, Plaintiff argues that it is entitled to a judgment of foreclosure and sale under RPAPL § 1321 and that Utica and Construction Corp. have not challenged the merits of Plaintiff's complaint.  (Pl.'s Obj. 7–9.)  RPAPL § 1321 provides that "[i]f the defendant fails to answer within the time allowed or the right of the plaintiff is admitted by the answer, upon motion of the plaintiff, the court shall ascertain and determine the amount due, or direct a referee to compute the amount due . . . ."  RPAPL § 1321(1).  While Plaintiff appears to correctly state the procedure under New York law, because Plaintiff is proceeding in federal court, Plaintiff must comply with the Federal Rules of Civil Procedure.  *Gasperini v. Ctr. for Humans., Inc.*, 518 U.S. 415, 427 (1996) ("[F]ederal courts sitting in diversity apply state substantive law and federal procedural law.");[1] *Com/Tech Commc'n Techs., Inc. v. Wireless Data Sys., Inc.*, 163 F.3d 149, 150–51 (2d Cir. 1998) (per curiam) ("[W]here the matter in question is one covered by the Federal Rules of Civil Procedure, 'it is settled that . . . the Federal Rule applies regardless of contrary state law.'" (omission in original) (quoting *Gasperini*, 518 U.S. at 427 n.7)); *see Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 111-12 (2d Cir. 2013) (quoting *Com/Tech Commc'n Techs., Inc.*, 163 F.3d at 150–51).  The equivalent procedural mechanism in this Court is seeking a certificate of default, then entry of default, against these Defendants under Rule 55.  *Mickalis Pawn Shop, LLC*, 645 F.3d at 128.

Utica and Construction Corp. have filed notices of appearance, but Plaintiff may nevertheless seek a default judgment against them in accordance with Rule 55(b)(2) of the Federal Rules of Civil Procedure because they have failed to defend themselves in this action.  *See Green*, 420 F.3d at 105 ("By its terms, Rule 55(b)(2) requires advance written notice . . . if

---

[1]  Diversity jurisdiction under 28 U.S.C. § 1332 is the sole basis asserted for jurisdiction in this action.  (SAC ¶ 12.)

the party against whom a default judgment is sought has 'appeared in the action.'" (quoting Fed. R. Civ. P. 55(b)(2))); *Parise v. Riccelli Haulers, Inc.*, 672 F. Supp. 72, 74 (N.D.N.Y. 1987) ("Under Rule 55(b) default judgment shall be entered if a defendant has failed to plead or otherwise defend an action.  While defendant answered the original complaint, it has failed to answer or otherwise respond to the amended complaint.").

### III.  Conclusion

For the foregoing reasons, the Court adopts the R&R.  Accordingly, the Court (1) grants Plaintiff's motion for default judgment as to Israel, HPD, and ECB, (2) denies Plaintiff's motion for a judgment of foreclosure and sale without prejudice to renewal, and (3) denies Plaintiff's motion for attorneys' fees without prejudice to renewal.  In accordance with the R&R, Plaintiff is directed to request entry of default as to Utica and Construction Corp. or, in the alternative, file a stipulation of voluntary dismissal as to its remaining claims or notify the Court that it seeks dismissal of its claims against Utica and Construction Corp. and for a judgment of foreclosure and sale.

Dated: October 22, 2020
       Brooklyn, New York

                              SO ORDERED:


                              _____s/ MKB_____
                              MARGO K. BRODIE
                              United States District Judge